**Angel Leonardo SOLORZANO–ZELA-YA, a/k/a Angel Solorzano, a/k/a Angel Sobrzano, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 09–1851.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) May 19, 2010.

Opinion filed: June 2, 2010.

---

Laura Adjangba, Esq., Maplewood, NJ, for Petitioner.

Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Andrew J. Oliveira, Esq., United States Department of Justice, Washington, DC, for Respondent.

Before: BARRY, STAPLETON and NYGAARD, Circuit Judges.

## OPINION

PER CURIAM.

Angel Solorzano–Zelaya petitions for review of the Board of Immigration Appeals' ("BIA") February 25, 2009 decision, which affirmed the Immigration Judge's ("IJ") October 30, 2008 decision denying his request for relief under the Convention Against Torture ("CAT") and ordering his removal to Honduras. The Government has moved to dismiss the petition for lack of jurisdiction. For the reasons that follow, the Government's motion is denied, and we will deny Solorzano–Zelaya's petition.

### I.

Solorzano–Zelaya, a native and citizen of Honduras, was admitted into the United States as a lawful permanent resident in 1987. In 2001, a New Jersey state court convicted him of robbery and unlawful possession of a weapon, and sentenced him to five years' imprisonment. While in prison, he joined a gang and got at least one tattoo, which is in the shape of a teardrop and located below his eye.

In light of his robbery conviction, the Department of Homeland Security commenced removal proceedings against him in September 2007 pursuant to 8 U.S.C.

§ 1227(a)(2)(A)(iii). He conceded removability and applied for CAT relief. He claimed that although he was no longer in a gang, he would likely be identified as a gang member because of his teardrop tattoo and consequently tortured by, or with the acquiescence of, the Honduran government.

In April 2008, the IJ granted Solorzano–Zelaya deferral of removal under the CAT. The Government appealed the decision to the BIA, which sustained the appeal in July 2008, concluding that Solorzano–Zelaya had not met his burden for relief under the CAT. The BIA did not explicitly vacate the IJ's decision; rather, the BIA simply remanded the case to the IJ. The Government subsequently filed an unopposed motion to certify the case back to the BIA, seeking further guidance as to how to proceed with the case. In October 2008, the IJ denied that motion, stating that "this court is convinced that the Board did have the intention to vacate the decision of the [IJ]." (Admin. Rec. at 33.) In that same October 2008 order, the IJ vacated her April 2008 decision, denied Solorzano–Zelaya's application for CAT relief, and ordered his removal to Honduras.

Solorzano–Zelaya appealed the IJ's October 2008 decision to the BIA, which affirmed on February 25, 2009. The BIA, noting that his appeal "further argue[d] in support of his contention that he is likely to be tortured in Honduras," held that "[t]o the extent that [his] appeal could be viewed as a motion to reconsider our July 23, 2008, decision, [his] arguments are insufficient to warrant reconsideration." (*Id.* at 2.) The BIA also rejected his claim that it had failed to consider all of his evidence, and concluded that "[t]here is no reason to disturb our conclusion that the evidence is insufficient to establish that [he] is more likely than not to be tortured if he is removed to Honduras." (*Id.* at 2–3.)

Solorzano–Zelaya now petitions for review of the BIA's February 25, 2009 decision. The Government seeks to dismiss the petition for lack of jurisdiction.

## II.

Although we generally lack jurisdiction to review final orders of removal against aliens who, like Solorzano–Zelaya, are removable for having committed an aggravated felony, *see* 8 U.S.C. § 1252(a)(2)(C), we nonetheless have jurisdiction to review "pure questions of law" and "issues of application of law to fact, where the facts are undisputed and not the subject of challenge." *Kamara v. Att'y Gen. of the U.S.*, 420 F.3d 202, 211 (3d Cir.2005) (quotation marks and citations omitted); *see* 8 U.S.C. § 1252(a)(2)(D).

■ The Government argues that dismissal is warranted here because Solorzano–Zelaya does not raise any legal questions. We disagree. His petition alleges that the BIA misapplied the CAT standard to the undisputed facts of this case, and that the IJ erred in issuing its October 2008 order of removal in the absence of an express mandate from the BIA. Because these claims fall within the ambit of our jurisdiction, we deny the Government's motion and turn to the merits of Solorzano–Zelaya's petition.[1]

## III.

■ We first consider Solorzano–Zelaya's claim that the IJ should not have issued an order of removal without an express mandate from the BIA. Although the BIA's July 2008 decision remanded the case to the IJ without further instruction, the BIA's rejection of Solorzano–Zelaya's

---

1. We have jurisdiction over his petition pursuant to 8 U.S.C. § 1252(a)(1).

CAT claim—the only claim standing between him and his removal to Honduras—left the IJ with nothing to do but order his removal.[2] Solorzano–Zelaya has failed to identify any authority indicating that an IJ cannot order an alien's removal in such an instance. Accordingly, we find no error here.

■ We now turn to his CAT claim. To obtain relief under the CAT, an alien must show that it is "more likely than not" that he will be tortured if removed to the country in question. 8 C.F.R. § 208.16(c)(2). "Torture" is defined as the intentional infliction of "severe pain or suffering . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1).

Solorzano–Zelaya argues that the BIA correctly articulated the CAT standard but misapplied it to his case by ignoring evidence and reaching a conclusion unsupported by the record. We disagree. Although he points to an article stating that the Honduran government "arrested more than 4,000 gang members in 2003, often solely because they wore tattoos or colors of known gangs," (Admin. Rec. at 466), that conduct does not rise to the level of torture. Additionally, his evidence that so-called "death squads" have targeted gang members in Honduras does not establish that he himself, now a thirty-one-year-old former gang member, would likely be targeted, for that evidence focuses on actions taken against youth gang members. *Cf. Castellano–Chacon v. INS*, 341 F.3d 533, 552 (6th Cir.2003) (rejecting a twenty-seven-year-old former gang member's CAT claim, where he had submitted evidence describing the targeting of young gang members, generally those twenty-three years old or younger, in Honduras).

Having reviewed the record, we are confident that the BIA considered all of the evidence and properly applied the CAT standard. Because Solorzano–Zelaya has not established that the BIA erred as a matter of law, we will deny his petition for review.

**2.** Had the BIA somehow intended a different result, it surely would have said so in its February 2009 decision, rather than simply affirming the IJ's order of removal.